# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TIMOTHY RUDOLPH WADE | ) | |
| | ) | |
| v. | ) | 1:03CR264-2 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Before the Court is a motion by Defendant Timothy Rudolph Wade ("Defendant") seeking a reduction in his sentence pursuant to U.S.S.G. § 5K1.1 and Rule 35 of the Federal Rules of Criminal Procedure based upon his claim that he substantially assisted the government during the investigation and prosecution of other individuals involved in criminal activity. (Docket Entry 89.) The Government has filed a response. (Docket Entry 90.) For the reasons stated herein, the Court recommends that Defendant's motion be denied.

## I. Background

On July 28, 2003, a federal grand jury indicted Defendant on one count of conspiring to distribute in excess of one half kilogram a mixture and substance containing a detectable amount of cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). (Docket Entry 4.) Additionally, Defendant was indicted for one count of attempting to possess with intent to distribute in excess of one half kilogram of a mixture and substance containing a detectable amount of cocaine hydrochloride in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(B), and one count of interstate travel in furtherance of an unlawful activity in violation of 18 U.S.C. § 1952(a)(3)(A). (*Id.*) The grand jury also indicted Defendant on a fourth count

of possession of counterfeit Federal Reserve Notes in violation of 18 U.S.C. §§ 472 and 2. (*Id.*).

On September 8, 2003, Defendant appeared before the Court, pled guilty to counts one and four, and signed a plea agreement whereby the Government agreed to drop Counts two and three. (Docket Entry 31.) His plea agreement made no mention of consideration for substantial assistance. (*See id.*) A judgment was entered on February 20, 2004, sentencing Defendant to a term of 216 months imprisonment, a five-year term of supervised release, and a $200 special assessment. (Docket Entry 36.) On direct appeal, his conviction was affirmed in part and dismissed in part. *See United States v. Wade*, No. 04-4162, 154 F. App'x 403, 2005 WL 3113805 (4th Cir. 2005) (unpublished), *cert. denied*, 547 U.S. 1031 (2006). On March 2, 2016, Defendant filed a motion for a reduction in his sentence pursuant to Federal Rules of Criminal Procedure 35(b) asserting that he provided substantial assistance to the Government in its investigation of other criminal activity. (Docket Entry 89.)

## II. Discussion

Defendant makes three requests: (1) "a review of the Movant's [substantial] assistance;" (2) a showing by the Government of its reasoning for its refusal to consider his assistance "substantial;" and (3) a "grant . . . [to] reduc[e his] sentence" under Federal Rules of Criminal Procedure 35(b). (*Id.*) "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1; *see also* 18 U.S.C. § 3553(e) ("Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect

a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."). A motion under § 5K1.1 addresses substantial assistance rendered prior to a defendant's sentencing. *United States v. Barnette*, 427 F.3d 259, 262 (4th Cir. 2005). Similarly, "upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b).

To the extent Defendant seeks to have his sentence reduced pursuant to Fed. R. Crim. P. 35(b), or under U.S.S.G. § 5K1.1, his claim fails. In both instances, the express language indicates that the Government, not Defendant, shall initiate the motion. In this case, Defendant apparently provided information regarding a co-conspirator, Tiffany Nicole Lynch, who is also listed in the indictment. (Docket Entry 4.) Through an investigation, the Government determined that a Pretrial Diversion would be most appropriate in Lynch's case. (Docket Entry 90 at 2-3; *see also* Attachment 1, Docket Entry 90-1.) At sentencing, Defense counsel indicated that Defendant informed law enforcement of Lynch's involvement. (Docket Entry 90-4 at 5.) However, the Government maintains that "it was clear at the time of sentencing that [Defendant]'s information was not of substantial assistance to the Government . . . ." (Docket Entry 90 at 5.)

Generally, courts lack authority to review the Government's decision not to file a substantial assistance motion, but the Supreme Court has recognized three exceptions to the rule. Review is authorized (1) if the government obligated itself in the plea agreement to file a motion; (2) if the decision not to file a motion is based on an unconstitutional motive; or (3) "if the prosecutor's refusal to move was not rationally related to any legitimate Government

3

end." *Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. LeRose*, 219 F.3d 335, 342 (4th Cir. 2000); *United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994). Further, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Wade*, 504 U.S. at 186. This is because "a defendant has no right to discovery or an evidentiary hearing unless [the defendant] makes a 'substantial threshold showing.'" *Id.*

Defendant arguably asserts his position under the third exception in asking to have his previous request for substantial assistance reviewed to determine the Government's reasoning for denying a downward departure. (Docket Entry 89.) However, "[w]hen, as here, the plea agreement imposed no binding obligation, even if the defendant cooperated fully and truthfully, the decision whether to make the motion lies with the government." *United States v. Madrigal*, 422 F. App'x 278, 280 (4th Cir. 2011) (internal quotations omitted). Again, the Government contends that "Wade's information was not of substantial assistance to the Government as Lynch's case was disposed of by Pretrial Diversion." (Docket Entry 90.) Since Defendant has not made a substantial threshold showing that this refusal is "not rationally related to any legitimate Government end," his request should be denied.[1]

---

[1] The Government contends that Defendant is alleging a sentencing error and, in essence, is seeking to collaterally attack his judgment under 28 U.S.C. § 2255. *See* Docket Entry 90 at 1, 5; *see also McLaurin v. United States*, No. 1:03CR14-1, 2011 WL 6151467, at *3 (M.D.N.C. Dec. 12, 2011) (unpublished) ("[O]nce a prisoner's sentence has been finalized, some courts have held that the proper procedural vehicle for complaining about the Government's failure to file a motion under Rule 35(b) is a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255."). Defendant does not appear to raise any claim under 28 U.S.C. § 2255. If he did so, it is likely that it would be barred by the statute of limitations. *See* 28 U.S.C. § 2255(f) (imposing one-year statute of limitations on § 2255 petitions).

4

## III. Conclusion

For the reasons stated herein, **IT IS THEREFORE RECOMMENDED** that Defendant's motion (Docket Entry 89) for downward departure based upon substantial assistance to the Government be **DENIED**.

Joe L. Webster
United States Magistrate Judge

May 26, 2016
Durham, North Carolina