# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TIMOTHY RUDOLPH WADE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:16CV698 |
| | ) | 1:03CR264-2 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action brings a Motion (Docket Entry 96) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Petitioner pled guilty in this Court to (1) conspiracy of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B) and (2) possession of counterfeited federal reserve notes in violation of 18 U.S.C. §§ 472 and 2. (Docket Entries 4, 26, 31, and 36.) Petitioner received a sentence of 216 months of imprisonment. (Docket Entry 55.) Petitioner filed a direct appeal, which he pursued through a denial of a petition for certiorari by the United States Supreme Court on March 20, 2006. *Wade v. United States*, 547 U.S. 1031 (2006). Petitioner then filed a motion seeking the reduction of his sentence in June of 2015 (Docket Entry 78), which was denied in January of 2016 (Docket Entry 88). He also filed a motion pursuant to § 2255 in November of 2015 (Docket Entry 80), which was dismissed without prejudice in January of 2016 (Docket Entry 87). Petitioner again sought a reduction in his sentence in March of 2016, which the undersigned recommended denying in a prior recommendation. (Docket Entries 89 and 93.) Petitioner then filed the instant Motion. (Docket Entry 96.) Respondent

responded with a Motion to Dismiss (Docket Entry 101), and Petitioner filed a Response. (Docket Entry 104.)

Petitioner's pending § 2255 Motion challenges his sentence based on *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] (Docket Entry 96.) He contends that a career offender sentencing enhancement applied to him under § 4B1.1 of a mandatory version of the United States Sentencing Guidelines is no longer valid following *Johnson*. (*Id.*)

Respondent requests dismissal on the ground that Petitioner's Motion was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). (Docket Entry 101.) 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the Supreme Court or (2) the expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522 (2003). Here, Petitioner filed a direct appeal, which he pursued through a denial of a petition for certiorari by the Supreme Court on March 20, 2006. *Wade v. United States*, 547 U.S. 1031 (2006). Petitioner's year to file under subsection

---

[1] Petitioner also contends in passing in a single sentence that an unnamed 1987 conviction was too old to count as a predicate felony under the guidelines. (Docket Entry 96 at 10.) This claim is also time-barred for the same reasons set forth herein.

2

(f)(1) began to run on that date. Petitioner made no filings in this Court until 2015. Petitioner's claim is years out of time under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his Motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing the § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing his Motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner relies on *Johnson* as the basis of his claim, but *Johnson* does not provide Petitioner with more time to file under subsection (f)(3). As the Fourth Circuit explained in *Brown* when addressing a *Johnson*-based challenge to a mandatory Guidelines enhancement:

> Although this court can render a right retroactively applicable, only the Supreme Court can *recognize* a new right under § 2255(f)(3). Consequently, to find Petitioner's motion timely, we must conclude that it relies on a right "recognized" in *Johnson* or another more recent Supreme Court case. . . .

. . . .

> While *Johnson* did announce a retroactively applicable right, *Johnson* dealt only with the residual clause of [the Armed Career Criminal Act, 18 U.S.C. § 924(e)]—a federal enhancement statute. *Johnson* did not discuss the mandatory Sentencing Guidelines' residual clause at issue here or residual clauses in other versions of the Sentencing Guidelines.

. . . .

3

> Accordingly, at least for purposes of collateral review, we must wait for the Supreme Court to recognize the right urged by Petitioner. We hold that Petitioner raises an untimely motion in light of § 2255(f)(3)'s plain language, the narrow nature of *Johnson*'s binding holding, and *Beckles*'s indication that the position advanced by Petitioner remains an open question in the Supreme Court.

*United States v. Brown*, 868 F.3d 297, 301-03 (4th Cir. 2017) (emphasis added) (internal citations and emphasis omitted), *cert. denied*, 139 S. Ct. 14 (2018); *see also Brown*, 868 F.3d at 299 ("[W]e are constrained . . . from extrapolating beyond the Supreme Court's holding to apply what we view as its 'reasoning and principles' to different facts under a different statute or sentencing regime. We are thus compelled to affirm the dismissal of Petitioner's motion as untimely under 28 U.S.C. § 2255(f)(3)."); *Brown*, 868 F.3d at 304 ("We are constrained from reading between the lines of [Supreme Court decisions] to create a right that the Supreme Court has yet to recognize. We are compelled to affirm [the dismissal of Petitioner's motion under Section 2255] because only the Supreme Court can recognize the right which would render Petitioner's motion timely under § 2255(f)(3)."). Based on the above analysis and the holding in *Brown*, subsection (f)(3) does not render Petitioner's claim timely.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims in his Motion are based on facts that existed and were known to him at the time his Judgment was entered. Cases decided subsequent to Petitioner's direct appeal do not constitute new facts affecting the statute of limitations under subsection (f)(4). *United States v. Whiteside*, 775 F.3d 180, 184 (4th Cir. 2014). Therefore, this subsection also does not apply and Petitioner's Motion is untimely.

Finally, the Supreme Court has determined that the one-year limitation period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). However, Petitioner makes no argument that equitable tolling applies in his case. His claim is untimely and should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 101) be granted and that Petitioner's Motion (Docket Entry 96) to vacate, set aside or correct sentence be dismissed, and that judgment be entered dismissing the action.

Joe L. Webster
United States Magistrate Judge

March 19, 2019
Durham, North Carolina